IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAUL CANIZALES,

    Plaintiff,

vs.    No. CIV 07-0198 JB/RHS

SERGEANT TODD ARMENDARIZ,
OFFICER ANGELO LOVATO,
OFFICER TOMOYOSHI STEWARD,
OFFICER SHAWN WILLOUGHBY,
SERGEANT MARK GARCIA,
OFFICER MATTHEW SCHMIDT,
OFFICER MIKE BROADBECK,
SERGEANT JAMES COLLINS individually
and in their official capacities as police officers for the
ALBUQUERQUE POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Deem Facts in Plaintiff's Complaint as Established as a Discovery Sanction [Docket No. 64], filed April 7, 2008 (Doc. 66)("Defendant's Motion"). The Court held a hearing on April 11, 2008. The primary issue is whether the Court should extend the period of time for the Defendants to respond to the Plaintiff's Motion to Deem Facts in Plaintiff's Complaint as Established as a Discovery Sanction Pursuant to F.R.CIV.P. 37(b)(2), filed March 19, 2008 (Doc. 63)("Sanctions Motion"), by four additional days. Because the Court believes that the Defendants present good reason for the extension, and because the Court does not believe that the four additional days will interfere with the pretrial schedule, the Court will grant the motion.

## PROCEDURAL BACKGROUND

Canizales filed his opposed Sanctions Motion on March 19, 2008.  See Sanctions Motion. In his Sanctions Motion, Canizales seeks a remedy which is severe -- that the Court enter an order deeming as established those facts he seeks to establish in his complaint, for sanctions, reasonable for attorney's fees, and for judgment against the Defendants.  See id. at 8.  On April 7, 2008, the Defendants filed their Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Deem Facts in Plaintiff's Complaint as Established as a Discovery Sanction [Docket No. 64]. See Defendants' Motion.  In their motion, the Defendants represent that they produced their Internal Affairs files, which is the subject of the Sanctions Motion, to Plaintiff Saul Canizales.  See id. at 2. The Defendants argue that Canizales seeks a remedy that is severe and not warranted, and thus the Defendants need time to fully respond to the errors contained in Canizales' motion.  See id.  On April 8, 2008, Canizales filed a response to the Defendants' Motion asking the Court to deny the Defendants' Motion and to award Canizales reasonable attorney's fees for having to respond to the Defendants' motion.  See Plaintiff's Response in Opposition to Defendants' Opposed Motion for Extension of Time to File Response/Reply [Doc. #66], filed April 8, 2008 (Doc. 67)("Plaintiff's Response").

The Defendants' response to Canizales' Sanctions Motion was due on April 7, 2008.  See Defendants' Motion at 1.  On March 31, 2008, an attorney in the City Attorney's Office suffered a stroke.  See id. at 1.  The City Attorney who suffered the stroke was not employed in the same department as the Defendants' counsel, Kathryn Levy.  See Plaintiff's Response at 2.  Ms. Levy is employed to work in the civil rights division, and the attorney who suffered the stroke worked in the discrimination department.  See id. at 2.  Nevertheless, Ms. Levy has had to assist in handling that

-2-

attorney's caseload and could not timely complete a response in opposition to Plaintiff Saul Canizales' Sanctions Motion.  See Defendants' Motion at 1.

The Defendants represent that, on April 7, 2008, Ms. Levy sought four additional days to respond.  See Defendants' Motion at 1.  The Defendants further represent that Canizales' counsel advised that Canizales would oppose the extension because the trial date is too close to permit such an extension.  See id.  Canizales represents that the Defendants did not contact his counsel to request an extension, and in fact, Canizales' counsel had contact with the Defendants' counsel, Ms. Levy, on April 4, 2008, during which Ms. Levy never stated that she would need an extension.  See Plaintiff's Response at 1.  Canizales states that Ms. Levy merely told his counsel that he needed to withdraw his notice of completion of briefing, see Doc. 64, asserting that she had until Monday, April 7, 2008 to respond to the Sanctions Motion.  See Plaintiff's Response at 1.  Canizales represents that his counsel withdrew the notice, expecting Ms. Levy to file her response by Monday, April 7, 2008.  See id.

Canizales concedes, however, that on April 7, 2008, Ms. Levy contacted his counsel by electronic mail and requested an extension until Friday, April 11, 2008.  See id. at 2. Both sides agree that Canizales' counsel stated that, because the trial is fast approaching, time is of the essence and that Canizales can no longer allow extension of time.  See id.; Defendants' Motion at 1.

## ANALYSIS

Canizales contends that Ms. Levy has become a victim of the City's no-settlement policy and argues that he -- along with all of the many civil rights plaintiffs who have been subjected to the City's no-settlement policy -- should not be victims of the policy's resulting delays and failures to respond.  See Plaintiff's Response at 2.  At the April 11, 2008 hearing, however, Ms. Levy stated

that her practice as an attorney stands on its own, that she accepts responsibility for any mistake she has made, and that her mistakes are in no way a reflection of the City's no-settlement policy. See Transcript of Hearing at 24:6-18 (taken April 11, 2008)(Levy)("Tr.").[1]  The Defendants maintain that the remedy that Canizales seeks is not warranted. See Defendants' Motion at 2.  They contend that they need time to fully respond to the errors contained in Canizales' motion. See id.  They state that they should not be punished because their counsel has faced time constraints as a result of an incident that was out of her control. See id.

The Court finds that the Defendants' motion appears to have been propounded in good faith. While some of the facts appear to be in dispute, it appears that one of the attorneys at the City Attorney's office suffered a stroke and, because of that situation, Ms. Levy needs more time in which to respond.  While it is true, as Canizales maintains, that the City Attorney suffered the stroke before Ms. Levy's contact with Canizales' attorney on Friday, April 4, 2008, and that Ms. Levy failed to inform Canizales about the need for an extension until April 7, 2008, these facts do not negate that Ms. Levy needs more time to respond. The law favors a resolution of a case on the merits and after each party is provided a full and fair opportunity to argue its position.  Thus, the Court will grant the Defendants' Motion and allow Ms. Levy 4 additional days in which to respond.

**IT IS ORDERED** that the Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Deem Facts in Plaintiff's Complaint as Established as a Discovery Sanction [Docket No. 64] is granted.  The Defendants shall have until and including April 11, 2008 to respond to the Plaintiff's Motion to Deem Facts in Plaintiff's Complaint as Established as a Discovery

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Sanction [Docket No. 64].

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

*Counsel:*

Frances Crockett
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Kathryn Levy
  Deputy City Attorney
City of Albuquerque Legal
  Department
Albuquerque, New Mexico

      *Attorney for the Defendants*